## IN THE SEVENTH CIRCUIT COURT OF APPEALS

| | |
|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) )  Case No. 23-2850 |
| Plaintiff-Appellee, | ) ) ) |
| v. | ) ) ) |
| REVOLUTION LABORATORIES, LLC, REV LABS MANAGEMENT, INC., JOSHUA NUSSBAUM, and BARRY NUSSBAUM | ) ) ) ) |
| Defendants-Appellants. | ) ) |

### **DOCKETING/JURISDICTIONAL STATEMENT**

Defendants-Appellants, Revolution Laboratories, LLC, Joshua Nussbaum, and Barry Nussbaum, by and through their attorneys of record, Aronberg, Goldgehn, Davis & Garmisa, file this Docketing Statement pursuant to Circuit Rule 3 and state as follows:

### **I.      District Court Jurisdiction—CR 28(a)(1)**

Plaintiff, Charles Curry, filed suit against Defendants as Civil Action No. 1:17-cv-02283, which was presided over by District Judge Matthew F. Kennelly and asserted the following claims:

> Count I. Violation of the Illinois Consume Fraud and Deceptive Practices Act;
>
> Count II: Violation of Illinois Uniform Deceptive Trade Practices Act: 815 ILCS 510/2;
>
> Count III: Violation of the Lanham Act: 15 U.S.C. §1125(a), trademark infringement;
>
> Count IV: Violation of the Lanham Act: 15 U.S.C. §1125(c), dilution by tarnishment;
>
> Count V: Illinois common law trademark infringement;
>
> Count VI: Violation of the Lanham Act: 15 U.S.C. §1125(d), cybersquatting; and

> Count VII: Violation of the Lanham Act: 15 U.S.C. §1120, "fraudulent trademark application"

The district court had federal question jurisdiction under 28 U.S.C. §1331 due to the assertion of Lanham Act claims asserting trademark and related violations and supplemental jurisdiction under 28 U.S.C. §1367 as to the state law claims.

Plaintiff asserted he was a resident of Olympia Fields, Illinois, located in Cook County within the Northern District of Illinois.

Revolution Laboratories is a limited liability company organized under the laws of the State of Nevada with its principal place of business in Solana Beach California.

Joshua Nussbaum is an individual and resident of California.

Barry Nussbaum is an individual and resident of Hawaii.

**II.     Status of Claims Asserted and Jurisdiction of the Seventh Circuit—CR 28(a)(2)(i)-(v)**

The district court dismissed Counts 4 and 7 pursuant to agreement of the parties on August 12, 2020. Dkt. 133.

The district court granted Defendants' motion for summary judgement as to Count 1 on January 26, 2022. Dkt. 195.

A trial was held and the jury returned a verdict on Counts 3, 5, and 6 on May 22, 2023; the district court entered a judgement the same day. Dkt. 375; Dkt. 376.

Both sides filed post-trial motions, tolling the time within which to appeal. On June 19, 2023, Defendants filed a motion to alter judgement pursuant to Federal Rules of Civil Procedure 59(b) and 59(e). (Dkt. 384-385). On June 20, 2023, Plaintiff filed a motion for miscellaneous relief (Dkt. 388-389), a motion to alter judgement (Dkt. 390-391), and a motion for entry of permanent injunction (Dkt. 392-393).

The district court ruled on the foregoing post-trial motions and determined that the jury's verdict as to Count 3 was advisory, entered an order as to damages, and entered an order on Count 2 among other relief on August 25, 2023. Dkt. 410.

The district court entered an amended judgment on August 29, 2023. Dkt. 412, Dkt. 414.

The district court entered a permanent injunction on August 29, 2023. Dkt. 413.

The district court entered a second amended judgment on September 1, 2023. Dkt. 417.

The United States Court of Appeals for the Sevent Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. §1291, Fed R. App. P. 3(a)(1) and Fed. R. App. P 4(a)(1)(A) because it is an appeal from a final decision by the district court.

The Judgement being appealed from was entered by the district court on August 29, 2023 (Dkt. 412, Dkt 414), and amended September 1, 2023 (Dkt. 417). Defendants-Appellants' Notice of Appeal was timely filed with the district court on September 22, 2023 (Dkt. 418).

The foregoing Judgement (as amended) is a final judgement, and therefore it is immediately appealable as a matter of right under Fed. R. App. P. 3(a)(1).

This case is not a direct appeal from a decision of a magistrate judge.

### III.    Prior Related Appellate Proceedings—CR 3(c)(1)

On May 18, 2017, Defendants filed a motion to dismiss all claims for lack of jurisdiction. (Dkt. 16). The district Court granted that motion on August 15, 2017, and entered Judgment the same day. (Dkt. 47, Dkt. 48).

On September 13, 2017, Plaintiff filed a Notice of Appeal with the district court, appealing the August 15, 2017 Judgement. (Dkt. 53).

The Seventh Circuit took the appeal as *Curry v. Revolution Laboratories, LLC et al.*, Appellate Case No. 17-2900. On February 10, 2020, the Court of Appeals for the Seventh Circuit

reversed the Judgment of the district court and remanded the case to the district court for further proceedings consistent with the Seventh Circuit's opinion. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385 (7th Cir. 2020).

### IV.   Additional Requirements of Circuit Court Rule 3(c)(1)

This is a civil case that does not involve any criminal conviction.  28 U.S.C. §1915(g) is inapplicable.  None of the parties in this case is named in its official capacity.  This case does not involve a collateral attack on any criminal conviction.

Dated: September 29, 2023                    Respectfully submitted,

**DEFENDANTS REVOLUTION LABORATORIES, LLC, JOSHUA NUSSBAUM AND BARRY NUSSBAUM**

By:   */s/ Matthew De Preter*
      Gary P. Hollander
      Amy R. Gibson
      Matthew De Preter
      Chidinma O. Ahukanna
      ARONBERG GOLDGEHN DAVIS & GARMISA
      225 W. Washington St., Suite 2800
      Chicago, IL 60611
      (p) 312.828.9600
      (f) 312.828.9635
      ghollander@agdglaw.com
      agibson@agdglaw.com
      cdepreter@agdglaw.com
      cahukanna@agdglaw.com

      *Attorneys for Defendants-Appellants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 29, 2023 a true and correct copy of the foregoing was filed through the ECF filing system which will provide notice to counsel of record.

*/s/ Matthew De Preter*
*Attorney for Defendants*

4872-1568-1923, v. 3