No. 23-2850

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

CHARLES CURRY, JR.,
doing business as GET DIESEL NUTRITION,
*Plaintiff-Appellee*

v.

REVOLUTION LABORATORIES, LLC; JOSHUA NUSSBAUM; AND BARRY NUSSBAUM,
*Defendant-Appellants*

On Notice Appeal from the U.S. District Court for the Northern District of Illinois, Case No. 1:17-cv-2283
Hon. Matthew Kennelly, Judge Presiding

## RESPONSE TO DEFENDANT-APPELLANTS' SECOND MOTION FOR EXTENSION OF TIME

Matthew J. Oppenheim
Nicholas C. Hailey
Jeff Kane
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW
Washington, DC 20016
Tel: (202) 480-2999

*Counsel for Charles Curry, Jr.*

**TABLE OF CONTENTS**

**Introduction** ............................................................................................................. 1

**Legal Standard** ...................................................................................................... 2

I.    Appellants either fail to address or violate three of this Court's requirements for obtaining an extension. ........................................................................................ 3

    A.    Appellants have not requested a continuance in the other litigation they identify. ........ 3

    B.    Appellants do not explain why their counsel's other litigation should take priority over the instant appeal. ................................................................................................ 4

    C.    Appellants failed to notify Plaintiff of their motion prior to filing their brief. ............... 4

II.    That one of Appellants' four attorneys is engaged in other litigation is not a ground for an extension. ........................................................................................ 4

    A.    Appellants offer *no* reason that three of their four attorneys are too busy to handle the instant appeal. ........................................................................................ 5

    B.    Appellants fail to explain why other counsel cannot handle the other litigation they claim creates a scheduling conflict for *one* of their attorneys. ............................... 7

III.    Appellants have not shown that this appeal is so complex that Appellants cannot prepare a brief by the due date. ....................................................................... 8

IV.    Appellants' claim that they are narrowing the issues on appeal is hollow. ................... 10

V.    Appellee will be prejudiced by a further extension. ........................................ 11

**Conclusion** ........................................................................................................... 12

## **INTRODUCTION**

The last time this Court granted Appellants' request to extend the deadline for their opening brief, the Court admonished Appellants that "[g]iven the length of this extension of time, counsel for the appellants is expected to meet this deadline." Dkt. 13 at 2. That warning accompanied a sixty-day extension, which was on top of an eighteen-day extension that Appellants previously received when the case was referred to the Seventh Circuit's mediation program. Dkt. 4 at 2. Appellants now disregard the Court's clear instruction by requesting yet another extension.

Appellants have a long history of missing deadlines in this case. The District Court imposed monetary sanctions against Appellants twice (including once against Appellants *and* their counsel) for failing to comply with discovery deadlines. Dist. Ct. Dkts. 243, 319. In one hearing, the frustrated district court lamented, "I have dealt with this repeatedly and have ordered production of documents, and [Defendants] are basically just thumbing their nose at me," through "nonproduction of documents and their ignoring of directions and orders to produce documents." Dkt. 258-7, Hr'g Tr. 4:9–11, 12:2–5 (June 10, 2022). Appellants continued ignoring deadlines after discovery. Appellants were tardy filing their jury instructions, their exhibit list, objections to Plaintiff's exhibit list, objections to Plaintiff's witness list, as well as their draft verdict form. Dkt. 423 at 14. Moreover, when this case last was on appeal in this Court, Appellants needed two extensions before filing their opposition brief. *Curry v. Revolution Lab'ys, LLC*, No. 17-2900 (7th Cir.), Dkts. 39, 41.

Appellants' latest attempt at delay satisfies none of the criteria that the Seventh Circuit has set out for obtaining an extension. Appellants did not share their motion with Appellee prior to filing it. They do not claim to have requested postponements in any of the other matters they claim create a scheduling conflict, nor have they explained why those other matters should take priority over this one. Moreover, they have not identified any scheduling conflicts for three of the four

attorneys representing Appellants in this case. Appellants offer only that one of their four attorneys has other matters he claims preclude him from working on this appeal. But Appellants offer no reason why the numerous other counsel involved in these cases cannot handle either this appeal, or the other matters that allegedly create a conflict. Nor have Appellants demonstrated that the issues they intend to raise on appeal are so complex that their opening brief cannot be completed in the nearly five months they have had to prepare it.

Plaintiff-Appellee filed this case in March of 2016. Dist. Ct. Dkt. 1. Indeed, more than one year ago, the District Judge remarked that the instant case is "the oldest civil case on my docket without an explanation for why it's still on my docket." Hr'g Tr. 9:16–18 (Jul. 13, 2022). Appellants should not be allowed to further delay the day when they finally compensate Plaintiff for what a judge and jury found was willful trademark infringement. This Court should deny Appellants' motion.

## **LEGAL STANDARD**

"Extensions of time to file briefs are not favored." CIR. R. 26. As a threshold matter, Circuit Rule 26 requires the movant to notify opposing counsel of the movants' motion prior to filing. Further, a motion to extend a deadline "must disclose facts which establish to the satisfaction of the court that with due diligence, and giving priority to the preparation of the brief, it will not be possible to file the brief on time." CIR. R. 26. As relevant here, the Seventh Circuit provides two grounds for extensions "that may merit consideration." CIR. R. 26.[1]

> (1) Engagement in other litigation, provided . . . there is set forth (a) a description of action taken on a request for continuance or deferment of other litigation; (b) an explanation of the reasons why other litigation should receive priority over the case in which the petition is filed; and (c) other relevant circumstances including why other associated counsel cannot either prepare

---

[1] Defendants do not invoke the third ground that Circuit Rule 26 provides, extreme hardship to counsel. CIR. R. 26(3).

the brief for filing or, in the alternative, relieve the movant's counsel of the other litigation claimed as a ground for extension.

(2) The matter under appeal is so complex that an adequate brief cannot reasonably be prepared by the date the brief is due, provided that the complexity is factually demonstrated in the affidavit.

CIR. R. 26. Appellants fail to meet (and in several cases fail even to address) these requirements.

## ARGUMENT

**I.     Appellants either fail to address or violate three of this Court's requirements for obtaining an extension.**

**A.     Appellants have not requested a continuance in the other litigation they identify.**

Where a movant claims "other litigation" as a grounds for an extension, Circuit Rule 26(1)(a) requires the movant to provide "a description of action taken on a request for continuance or deferment" of that litigation. Here, Appellants do not claim that they have asked for a continuance in *any* of the other matters they identify. In fact, Appellants' motion fails to mention this factor at all.

Making matters worse, in one of the cases Appellants identify, *Grunt Style, LLC v. TWD, LLC*, No. 1:18-cv-07695 (N.D. Ill.), Appellants actually *requested* the March 11 trial date that counsel now claims renders him unable to complete the brief in the instant appeal. *Id.*, Dkts. 236 and 237 at 1 (in response to the district court's instruction to provide counsel's availability for a trial in March, April, or May 2024, Mr. De Preter stating that he prefers to hold trial "the week of March 11."). The plaintiff's joint status report in that case mentions three other matters as posing a conflict for trial dates, but makes *no* mention of the appeal in the instant matter. *Id.* at Dkt. 237. Still less does it request a postponement of the *Grunt Style* trial in order for Mr. De Preter to handle the instant appeal.

3

### B. Appellants do not explain why their counsel's other litigation should take priority over the instant appeal.

Circuit Rule 26 further requires a movant to explain why the other litigation "should receive priority over the case in which the petition is filed." C<small>IR</small>. R. 26(1)(b). Appellants' Motion does not address this factor at all.

### C. Appellants failed to notify Plaintiff of their motion prior to filing their brief.

Circuit Rule 26 provides that "Notice of the fact that an extension will be sought must be given to the opposing counsel together with a copy of the motion *prior to the filing thereof*." (emphasis added). But Appellants notified Appellee of their motion for the first time only *after* filing it. Appellants filed their motion at 3:03pm CST, Ex. 1 (ECF Notification listing Appellants' brief as filed at 3:03pm CST), then notified Appellee of the motion at 3:11pm CST, Ex. 2 (email from Appellants' Counsel at 3:11 CST (4:11 EST)). Appellants' statement in their motion that they "sent counsel for Plaintiff/Appellee a copy of this motion prior to filing in accordance with Circuit Rule 26," is incorrect.

While a delay in notifying Appellee might seem inconsequential, this Court should not look past Appellee's breach of this Court's rule. The notification requirement is hardly demanding; the movant simply must notify the other side of the filing some time prior to filing. Appellee's failure to comply with this straightforward requirement represents an unacceptable disregard for this Court's rules. Moreover, Appellants' clear plan was to notify Appellee of Appellants' Motion, then file it in only moments later. The Court should not reward such gamesmanship.

### II. That one of Appellants' four attorneys is engaged in other litigation is not a ground for an extension.

The Seventh Circuit has made clear that it expects attorneys to manage their practice so as to meet this Court's deadlines. "The fact that attorneys are busy and involved in other matters will not justify extensions of deadlines . . . ." Seventh Circuit Practitioners' Handbook at 124. *See also*

4

*El-Gharabli v. I.N.S.*, 796 F.2d 935, 940 n.14 (7th Cir. 1986) ("As we have noted before, it is an attorney's responsibility to manage his practice so that he is able to meet his obligations to this court and comply with our rules."); *In re Goldberg*, 522 F. App'x 359, 360 (7th Cir. 2013) (denying a motion for extension where the request "invoked press of business," observing, "every lawyer has a professional duty to take no more work than he can handle in a timely fashion.").

Making no attempt to deal with this precedent, Appellants' motion argues only that *one* of their four attorneys is engaged in other litigation; the Motion does not address the other three attorneys' schedules at all. And for the one attorney whose schedule Appellants do address, Appellants fail to explain why other counsel cannot handle either this appeal or the other litigation that Appellants say creates a conflict.

> A. **Appellants offer *no* reason that three of their four attorneys are too busy to handle the instant appeal.**

Four attorneys represent Appellants in this case. *Curry v. Revolution Lab'ys, LLC et al.*, No. 1:17-cv-2283 ("Dist. Ct. Dkt."), Dkt. 367 (N.D. Ill.) (May 16, 2023) (change of address notification for Chidinma Ahukanna, Amy Gibson, Gary Hollander, and Chip De Preter). For three of these attorneys, Appellants make no claim that these attorneys are too busy to finish Appellants' brief between now and January 23, nor that those attorneys have been too busy to do so in the more than five months since the final judgment in this case. Indeed, Appellants' motion does not cite a single other case in which these three attorneys are involved. *All* of the alleged conflicts that Appellants' motion identifies are for *one* of these four attorneys, Chip De Preter.

To explain this planet-sized hole in their argument, Appellants offer that Mr. De Preter "is the only trademark attorney involved in this matter for Movants." Mot. ¶ 6. But Appellants have not demonstrated that their appeal requires specialized experience in trademark law. Of the six issues Appellants say they intend to appeal, Appellants' Motion identifies only two issues that

5

involve questions of trademark law. Mot. ¶ 9 (identifying the standard for personal liability for trademark infringement and "jury instructions focused on the required proof for such liability"). Appellants have given this Court no reason to accept the notion that Mr. De Preter is the only attorney at this law firm who can finish preparing Appellants' brief.

Moreover, even if this appeal did require significant technical expertise in trademark law, Appellants' myopic focus on Mr. De Preter ignores the three other capable attorneys on this case, and the several other intellectual property attorneys at Appellants' law firm. Of the three other attorneys on this case, one (Gary Hollander) had sufficient knowledge of trademark law to serve as co-chair of the trial team. Dkt. 11-7 ¶ 2. Another (Chidinma Ahukanna) also was part of the trial team. And the third (Amy Gibson) argued the previous appeal in this case. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 388 (7th Cir. 2020). Indeed, Appellants concede that two of these attorneys, Ms. Gibson and Mr. Hollander, are indeed working on this appeal. Mot. ¶ 6–7; Dkt. 14-2 ¶ 3. Appellants' law firm likewise boasts five other lawyers in its "Intellectual Property" practice group, four of whom claim to have experience in intellectual property litigation.[2] One of these attorneys, William Niro, was "named a Super Lawyer in Intellectual Property Law by Illinois Super Lawyers annually since 2009 as well as in 2005 and 2007."[3] Appellants' firm also has eight other attorneys in its Appellate Litigation practice.[4]

Appellants failure to offer *any* scheduling conflicts that their three other lawyers face betrays their protest about being too busy to handle this appeal.

---

[2] https://www.agdglaw.com/intellectual-property (entries for Sofia Quezada Hastings, William L. Niro, John C. Sciaccotta, and Alan S. Wernick).

[3] https://www.agdglaw.com/william-l-niro

[4] https://www.agdglaw.com/appellate-litigation

### B. Appellants fail to explain why other counsel cannot handle the other litigation they claim creates a scheduling conflict for *one* of their attorneys.

Where counsel claim to be too busy to submit a brief on time, Circuit Rule 26 also requires counsel to explain "why other associated counsel cannot either prepare the brief for filing or, in the alternative, relieve the movant's counsel of the other litigation claimed as a ground for extension." CIR. R. 26(1)(c). Here, as explained above, Appellants fail to identify any other litigation that occupies the other three attorneys working on the instant case. But Appellants also fail to offer any plausible reason that other attorneys cannot handle the other litigation that Appellants claim renders Mr. De Preter unavailable to complete Appellants' brief.

Mr. De Preter claims he is the "sole" counsel for the plaintiff in *Grunt Style LLC v. TWD, LLC*, No. 18-cv-07695. Dkt. 14-1 ¶ 12(i). The docket for *Grunt Style*, however, contradicts this claim. Two other lawyers are listed as representing *Grunt Style* in addition to Mr. De Preter (Kathleen Lyons and Sofia Hastings). Mr. De Preter does not explain why those lawyers are unavailable, nor does Mr. De Preter represent that counsel will not be added to the *Grunt Style* matter between now and trial.

In *MPI LLC v. Sorting Robotics, Inc. et al.*, No. 2:22-cv-07464 (C.D. Cal.), there are three other attorneys working with Mr. De Preter. *Id.* (entries for Brian Holthus, Alexandra Benigini, Lena Nadine Bacani). The latter of these attorneys has served as lead counsel in several patent cases.[5] Appellants' contention that "Mr. De Preter is the only patent counsel on the case," Dkt. 14-1 ¶ 11(i) thus appears to be inaccurate.

Appellants then list a TTAB opposition proceeding, *In Re Trademark Application of Mitzvah Kinder, Inc.*, TTAB No. 91272685. On that matter, Mr. De Preter is co-counsel with

---

[5] https://www.lozaip.com/attorney/lena-bacani/

7

William Niro, who "has secured trademark registrations and licenses to protect more than 500 brands in the United States and in 50 countries throughout the world," who "has been named a Super Lawyer in Intellectual Property Law by Illinois Super Lawyers annually since 2009," and who was a founding partner of "an intellectual property and business litigation boutique firm."[6] In *MMS Trading Company Pty Ltd. v. Hutton Toys*, LLC, No. 1:20-cv-01360 (E.D. N.Y), there are (Jennifer Zourigui and Sofia Hastings, and the afore-mentioned "Super Lawyer" William Niro.

The final matter Appellants invoke has two other attorneys besides Mr. De Preter. *Heifeng Zhizao (Shenzhen) Technology Co., Ltd. v. The Partnerships, et al.*, No. 1:23-cv-03301 (N.D. Ill.) (entries for Emma Sander and Sofia Hastings). Appellants claim that Mr. De Preter has been busy preparing for a preliminary injunction hearing in that matter. They leave out, however, that Mr. De Preter had months to prepare for the hearing. The applicant's motion was filed in June of 2023, *id.*, Dkt. 46; two hearings on the motion have been held already, Dkts. 61, 78; and the motion was granted in part in July 2023, Dkt. 79.

Appellants thus have failed to demonstrate that "other associated counsel cannot either prepare the brief for filing or, in the alternative, relieve the movant's counsel of the other litigation claimed as a ground for extension." Cir. R. 26(1)(c).

### III. Appellants have not shown that this appeal is so complex that Appellants cannot prepare a brief by the due date.

Seventh Circuit rules allow for the possibility that an appeal may be "so complex that an adequate brief cannot reasonably be prepared by the date the brief is due . . . .". Cir. R. 26(2). But "allegations of complexity must be supported with a specific factual description of the litigation on appeal." *El-Gharabli*, 796 F.2d at 939. *See also* Cir. R. 26 (explaining that this ground applies

---

[6] https://www.agdglaw.com/william-l-niro

only if "the complexity is factually demonstrated in the [movant's] affidavit."). Appellants have not demonstrated that their appeal is complex, and have not demonstrated that they have had inadequate time to prepare an opening brief.

Appellants don't make any attempt to describe three of the issues they are appealing. They say they are appealing six issues, Dkt. 14-1 ¶ 8. But they discuss only three of those issues. *Id.* Appellants non-discussion of half of their issues on appeal does not meet the Seventh Circuit's requirement that the alleged complexity be "factually demonstrated in the [movant's] affidavit." CIR. R. 26(2).

As to the three issues that Appellants do address (in all of one paragraph) none are complex. "The Appealable [sic] issues are dependent on the facts surrounding the execution of a stipulation, rulings by the lower court pertaining to that stipulation, the discovery of Plaintiffs [sic] produced in the litigation, and the presentation of specific evidence pertaining to establishing damages for violations of trademark rights." Dkt 14-7 ¶ 3. Appellants' arguments about their stipulation boils down to a claim that at the time they stipulated to liability, they believed Plaintiff was not pursuing punitive damages. Dist. Ct. Dkt. 305 at 5–8. This is a simple argument both factually and legally that the District Court had no trouble rejecting. Dist. Ct. Dkt. 356. Appellants' protests about the discovery Plaintiff produced boil down to a contention that Plaintiff should have produced evidence of his purported sales. Dist. Ct. Dkt. 283 at 5–7. As the District Court correctly held, Plaintiff did not need to produce evidence of his sales because he did not seek damages for lost sales. Dkt. 362 at 7–8. Appellants' third category, "the presentation of specific evidence pertaining to establishing damages for violations of trademark rights," likely refers to Defendants' contention that Plaintiff had to establish that it had trademark rights in particular geographic regions. Dist. Ct. Dkt. 289 at 10–12. As the District Court held, this argument is foreclosed by Defendants' liability

stipulation, which admitted that Defendants' company committed trademark infringement, without any restriction on geographic region. Dkt. 362 at 4–7. None of these issues are complex.

Appellants' perfunctory claim of complexity does not demonstrate that this appeal is so complex that several months is too little time to draft an opening brief.

**IV.     Appellants' claim that they are narrowing the issues on appeal is hollow.**

When Appellants filed their notice of appeal, they listed seven rulings they intended to challenge, and also noticed appeal for "all interlocutory orders entered in this action preceding this notice or the final judgment." Dist. Ct. Dkt. 418. In other words, Appellants effectively claimed they were appealing all of the district court's rulings in the case (including motions Appellants themselves won, *see, e.g.*, Dist. Ct. Dkt. 292 (District Court's granting certain of Appellants' motions *in limine* and denying certain of Appellee's)).

Appellants' most recent motion claims that after receiving an extension of the deadline for their brief, Appellants "worked to narrow and focus the issues for this Court's review on appeal," and have now "refined the issues on appeal to six key issues, which issues may be more fully refined and narrowed in the coming weeks, if the extension is granted." Dkt. 14-1 ¶ 8. Appellants' claim to have "narrowed" the issues to six is hardly impressive considering that the universe they began with included every ruling the district court made. Moreover, When Appellants filed their first request for an extension, they included a (one-sentence) description of only *four* issues they intended to pursue on appeal. Dkt. 11-7 ¶ 3. Thus, if Appellants now have six issues to appeal, they may actually have expanded the number of issues they are raising since their last motion two months ago. Moreover, the description of these issues that Appellants included in their Motion is *identical* to the description they included in their last motion. *Compare* Dkt. 11-7 ¶ 3 with Dkt. 14-2 ¶ 3.

Thus, this Court should give no weight to Appellants' claimed "narrowing" of the issues.

10

### V.     Appellee will be prejudiced by a further extension.

Although this Court certainly can deny a motion for extension even in the absence of prejudice to the non-moving party, prejudice clearly is present here. The trademark violations that gave rise to this lawsuit started in 2016. Dist. Ct. Dkt. 410 at 3. Plaintiff filed this lawsuit nearly eight years ago. Dist. Ct. Dkt. 1. Indeed, more than one year ago, the District Judge remarked that the instant case is "the oldest civil case on my docket without an explanation for why it's still on my docket." Hr'g Tr. 9:16–18 (Jul. 13, 2022). Even after a jury and the District Court found Appellants liable for trademark infringement, Dist. Ct. Dkt. 417, Defendant Revolution continues to refuse to pay the judgment, having neither paid Plaintiff nor posted a supersedeas bond. Dist. Ct. Dkt. 450. Appellee has been forced to initiate judgment collection action in California, where Revolution conducts business. *Curry v. Revolution Laboratories, LLC*, No. 3:23-mc-01939 (S.D. Cal.).

Thus, even on the current briefing schedule in this Court, it will be months more before Plaintiff can collect all of the money owed to him. This delay is meaningful. Unlike Appellants, who together with their trust have a collective net worth of at least $38 million, Plaintiff is an Information Technology professional at the Department of Veterans Affairs. Dist. Ct. Dkt. 410 at 8; Dist. Ct. Dkt. 444 at 3. The $1.7 million judgment will be financially impactful to Plaintiff. Appellants should not be allowed to postpone their long-overdue payment to Plaintiff any longer. It is, after all, Appellants, not Mr. Curry, who brought this appeal. Appellants should not be allowed to delay on the basis that they are too busy to prosecute the appeal they initiated.

Appellant already have received two extensions in the instant appeal:[7] their deadline was

---

[7] In addition, when this case reached this Court at the motion to dismiss stage, Appellants received two extensions to file their opposition brief. *Curry v. Revolution Lab'ys, LLC*, No. 17-2900 (7th Cir.), Dkts. 39, 41.

postponed eighteen days after this Court referred the case to mediation. Dkt. 4 at 2. And this Court extended the deadline another 60 days at Appellants' request. Dkt. 13. When it granted that extension, this Court admonished Appellants that "[g]iven the length of this extension of time, counsel for the appellants is expected to meet this deadline." Appellants should not be allowed to simply ignore that warning and needlessly drag out this appeal further.

## CONCLUSION

This Court should deny Appellants' second motion to extend the deadline for filing their opening brief.

Dated: January 16, 2024　　　　　　　　　　Respectfully submitted,

*/s/ Jeff Kane*
Matthew J. Oppenheim
Nicholas C. Hailey
Jeff Kane
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Tel: 202-480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jkane@oandzlaw.com

*Counsel for Plaintiff-Appellee*