## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| CHARLES CURRY, d/b/a GET DIESEL NUTRITION, | ) ) ) |
| Plaintiff-Appellee, | ) ) |
| v. | ) ) |
| REVOLUTION LABORATORIES, LLC et al. | ) ) ) |
| Defendants-Appellants. | ) |

Case No. 23-2850

### Jurisdictional Statement

The District Court properly exercised federal-question jurisdiction over Plaintiff's federal claims, and supplemental jurisdiction over Plaintiff's state-law claims. Further, the District Court's judgment, entered after a jury trial and a ruling on the parties' post-trial motions, is a final judgment. Defendants timely appealed from that judgment. This Court thus has subject-matter jurisdiction over this appeal. Although diversity jurisdiction does provide an alternative basis for subject-matter jurisdiction, the Court need not reach that issue because federal-question jurisdiction clearly is present.

**I.     The District Court's Jurisdiction**

    **A.     The parties agree that the District Court properly exercised federal-question and supplemental jurisdiction.**

The District Court possessed federal question jurisdiction over Plaintiff's claims for violations of the Lanham Act and the Anticybersquatting Consumer

1

Protection Act ("ACPA"). J.A.13–19 ¶¶ 57–66[1] (asserting claim under 15 U.S.C. § 1125(c)), ¶¶ 81–90 (asserting claim under 15 U.S.C. § 1125(d)).

Plaintiff's state-law claims for common-law infringement (J.A.17–18 ¶¶ 72–80) and violations of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") (815 ILL. COMP. STAT. ANN. 510/2; J.A.12–13 ¶¶ 50–56,) share the same legal elements as his Lanham Act claims. S.A.49; *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 615 (7th Cir. 1993). Moreover, the state- and federal-law claims involve the same course of conduct and facts. Plaintiff's federal Lanham Act and ACPA claims, as well as his state-law trademark infringement and IUDTPA claims, are each based on Defendants' misappropriation and use of Plaintiff's common-law trademark. J.A.11–20. The state-law claims thus form part of the same "case or controversy" as the federal claims, 28 U.S.C. § 1367(a), and the District Court properly exercised supplemental jurisdiction over Plaintiff's state-law claims. *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (noting that even a "loose factual connection" would be sufficient to confer supplemental jurisdiction).

### B.     The parties agree that diversity jurisdiction provides an alternative basis for subject-matter jurisdiction.

There is thus no question that the District Court possessed subject-matter jurisdiction over the instant case. Defendants' jurisdictional statement addressed in some detail an alternative basis for subject-matter jurisdiction: diversity jurisdiction.

---

[1] Plaintiff uses the following abbreviations to reference materials in the record: "D. Ct. Dkt." (District Court docket), "Dkt." (this Court's docket), "J.A." (Joint Appendix), "S.A." (Short Appendix).

While diversity jurisdiction is not needed here, it is present nonetheless. Because Defendant Revolution Laboratories, LLC is one of several nested entities, the diversity jurisdiction analysis is somewhat protracted. None of this, however, need detain the Court, as subject matter jurisdiction is present through federal-question jurisdiction.

The parties agree that diversity jurisdiction under 28 U.S.C. § 1332(a) is an alternative basis for jurisdiction. CoA Dkt. 23 at 1. The amount in controversy exceeds $75,000. S.A.68; J.A.3 ¶ 7.

And, the parties are diverse. Diversity jurisdiction "depends on matters as they stand when the complaint is filed . . . .". *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). At the time of the Complaint, the Plaintiff was (and still is) a citizen of Illinois. J.A. Dkt 23 at 1–2. And none of the three remaining Defendants were citizens of Illinois. Barry Nussbaum and Joshua Nussbaum were citizens of California. Second Amended Jurisdictional Statement of Defendant-Appellees, *Curry v. Revolution Laboratories et al.*, No. 17-2900, Dkt. 27 at 1 (7th Cir.) (Mar. 23, 2018).

Because the third Defendant, Revolution Laboratories, LLC, is a limited liability company, it was a citizen of each state in which one of its members was a citizen. *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). According to Defendants, Revolution had three members: NNE, LLC; Rev Labs Management, Inc.; and LT Holdings, LLC. CoA Dkt. 21 at 2. Defendants report that NNE, LLC has only one member, Joshua Nussbaum, a citizen of California. CoA Dkt. 21 at 2. Defendants likewise report that Rev Labs Management,

3

Inc. is a Nevada corporation with its principal place of business in California. CoA Dkt. 21 at 2; 28 U.S.C. § 1332(c)(1) (A "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").[2] According to Defendants, LT Holdings, LLC is formed under the laws of the Cook Islands and has one member, BNC Woodside, LLC. CoA Dkt. 23 at 2. Defendant further report that BNC Woodside, in turn, has one member, the Nussbaum Family Trust Settlement. Dkt. 23 at 2.

As a trust, the Nussbaum Family Trust Settlement derives its citizenship from that of its trustees at the time the Complaint was filed. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382–83 (2016). According to Defendants, at the time the Complaint was filed, the trustees were Joshua Nussbaum and Ora Fiduciary (Cook Islands) Limited. Dkt. 23 at 3. Joshua Nussbaum was a citizen of California. Dkt. 23 at 2.

Defendants report that Ora Fiduciary (Cook Islands) Limited is a Cook Islands company "limited by shares." Dkt. 23 at 3–4. Under Cook Islands law, limited companies possess the qualities that this Court has found render foreign companies "equivalent in all legally material respects to a corporation under state law," *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003). They are of perpetual duration, can issue shares, have a board of directors, and the liability of

---

[2] The Complaint named Rev Labs Management, Inc. as a separate Defendant, J.A.1, but the District Court later dismissed it on personal-jurisdiction grounds. D. Ct. Dkt. 47.

4

members is limited. Companies Act 1955, 1955 S.N.Z. No. 63 §§ 27(3), 63, 80, 13 (N.Z.). Therefore, Ora (like the Bermuda limited company in *Lear*, 353 F.3d at 583) is properly treated as a corporation for diversity purposes. Ora's place of business and place of incorporation is the Cook Islands, Dkt. 23 at 4–5; 28 U.S.C. § 1332(c). At the time of the Complaint, the Cook Islands was a dependency of New Zealand.[3] Ora was therefore a "citizen[] or subject[]" of New Zealand for diversity purposes. 28 U.S.C. § 1332(a)(3); see also *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 99 (2002) (corporation incorporated in the British Virgin Islands was a citizen or subject of the United Kingdom for diversity purposes). There is thus complete diversity.

## II. This Court may exercise appellate jurisdiction over the District Court's final judgment.

Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction to hear Defendants' appeal of the District Court's final judgment. Following a jury trial, J.A.148, the Court entered judgment on all but one of Plaintiffs' claims on May 22, 2023. S.A.64. Both sides filed post-trial motions. S.A.10. On May 30, Plaintiff moved for the Court to decide Plaintiff's IUDTPA claim in favor of Plaintiff. D. Ct. Dkt. 378. Defendants moved to amend the judgment on June 19, 2023, D. Ct. Dkt. 385, and Plaintiff moved to amend the judgment on June 20, 2023, D. Ct. Dkts. 389, 391, 393. Those motions extended the time to appeal. FED. R. APP. P. 4(a)(4)(iv). On August 25, 2023, the

---

[3] U.S. CENTRAL INTELLIGENCE AGENCY, THE WORLD FACTBOOK, "Cook Islands," https://www.cia.gov/the-world-factbook/countries/cook-islands/ (accessed Mar. 26, 2024).

District Court resolved the parties' post-trial motions, S.A.9–63, and on August 29, 2023, the District Court entered an amended judgment, S.A.66. The District Court entered a Second Amended Judgment, correcting a clerical error, on September 1, 2023. S.A.417. Defendants filed a timely notice of appeal on September 22, 2023. S.A.70; FED. R. APP. P. 4(a)(1)(A). The Second Amended Judgment represents a final judgment disposing of all of the parties' claims under 28 U.S.C. § 1291.

Plaintiff has outstanding motions for costs and attorneys' fees in the District Court. D. Ct. Dkts. 422, 423. The disposition of those motions, however, does not hinder this Court's jurisdiction to hear the instant appeal. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988) (adopting a "bright-line rule . . . that a decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case."); *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Emps.*, 571 U.S. 177, 179 (2014) (applying *Budinich* where there was a pending motion for costs).

Dated: March 28, 2024                    Respectfully submitted,

*/s/ Jeff Kane*
Matthew J. Oppenheim
Nicholas C. Hailey
Jeff Kane
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Tel: 202-480-2999
matt@oandzlaw.com
nick@oandzlaw.com
jkane@oandzlaw.com

*Counsel for Plaintiff-Appellee*

6